**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

OMNI HEALTHCARE, INC.;
INTERVENTIONAL SPINE INSTITUTE
OF FLORIDA; CRAIG DELIGDISH;
C. HAMILTON BOONE, PA; BRIAN
DOWELL; RICHARD GAYLES; STAN
GOLOVAC; LANCE GRENEVICKI;
ALEKSANDER KOMAR; SCOTT
SEMINER; INSTITUTE OF FACIAL
SURGERY INC.; THE PAIN INSTITUTE
INC.; and PHYSICIAN ASSISTANT
SERVICES OF FLORIDA, LLC;

   Plaintiffs,

v.              Case No. 6:13-cv-1509-Orl-37DAB

HEALTH FIRST, INC.; HOLMES
REGIONAL MEDICAL CENTER, INC.;
HEALTH FIRST PHYSICIANS, INC.;
HEALTH FIRST HEALTH PLANS, INC;
MICHAEL D. MEANS; and JERRY
SENNE,

   Defendants.

**ORDER**

This cause is before the Court on Defendants' *Unopposed* Motion to Seal Confidential and Highly Confidential Exhibits to Their Forthcoming Motion for Summary Judgment, Reply Brief, and Daubert Motions and Redact Discussions of Confidential Material From Same and Accompanying Memorandum of Law (Doc. 178), filed January 13, 2016. Upon consideration, the Court finds that Defendants did not identify with sufficient specificity the particular documents that they wish to file under seal.

Defendants' vague request to file unidentified "exhibits" under seal to "ensure the privacy of patient/insured/medical records . . . [and] claims information, and other highly

sensitive information, including patient health information, patient identifying information, proprietary or confidential financial information, or competitively sensitive trade secrets" (*id.* at 2, 7–8) is insufficient. *See, e.g.*, *Bovie Med. Corp. v. Livneh*, No. 8:10-cv-1527-T-24EAJ, 2010 WL 4117635, at *2–3 (M.D. Fla. Oct. 19, 2010) (denying a request to seal, noting that a moving party does not satisfy its burden of outweighing the public's right of access when it simply marks its records as "confidential" or "proprietary" but does not identify the sensitive nature of the documents); *Horowitch v. Diamond Aircraft Indus., Inc.*, No. 606-cv-1703-Orl-19KRS, 2007 WL 1753066, at *2 (M.D. Fla. June 16, 2007) (requiring a party to "submit evidence supporting its assertion that the evidence in question is currently competitively sensitive information"); *see also Lockheed Martin Corp. v. Boeing, Co.*, No. 6:03-cv-796-Orl-28KRS, 2005 WL 5278461, at *4 (M.D. Fla. Jan. 26, 2005) (stating that "[w]hether or not a trade secret or other confidential research, development, or other commercial information is, or is not, competitively sensitive is a decision that can only be made based upon the specific factual showing supporting the designation given the document"). Moreover, Defendants' lack of identification of any particular documents in the section titled "Identification and description of each item proposed for sealing" (*see* Doc. 178, pp. 7–8) is undoubtedly noncompliant with Local Rule 1.09(b), which requires, *inter alia*, that a movant identify and describe each item submitted for sealing.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' *Unopposed* Motion to Seal Confidential and Highly Confidential Exhibits to Their Forthcoming Motion for Summary Judgment, Reply Brief, and Daubert Motions and Redact Discussions of Confidential Material From Same and Accompanying

Memorandum of Law (Doc. 178) is **DENIED** without prejudice. Defendants may refile the motion on or before January 18, 2016. Such motion should identify with specificity the types of documents and information that Defendants seek to file under seal and should be otherwise compliant with Local Rule 1.09.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 14, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record