**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

OMNI HEALTHCARE, INC.;
INTERVENTIONAL SPINE INSTITUTE
OF FLORIDA; CRAIG DELIGDISH;
C. HAMILTON BOONE, PA; BRIAN
DOWELL; RICHARD GAYLES; STAN
GOLOVAC; LANCE GRENEVICKI;
ALEKSANDER KOMAR; SCOTT
SEMINER; INSTITUTE OF FACIAL
SURGERY INC.; THE PAIN INSTITUTE
INC.; and PHYSICIAN ASSISTANT
SERVICES OF FLORIDA, LLC,

        Plaintiffs,

v.                                      Case No. 6:13-cv-1509-Orl-37DAB

HEALTH FIRST, INC.; HOLMES
REGIONAL MEDICAL CENTER, INC.;
HEALTH FIRST PHYSICIANS, INC.;
HEALTH FIRST HEALTH PLANS, INC;
MICHAEL D. MEANS; and JERRY
SENNE,

        Defendants.

**ORDER**

This cause is before the Court on Defendants' Renewed Motion to Seal Confidential and Highly Confidential Exhibits to Their Forthcoming Motion for Summary Judgment and *Daubert* Motions and Redact Discussions of Confidential Material from Same or, in the Alternative, for De-Designation of Such Materials and Accompanying Memorandum of Law (Doc. 183), filed January 18, 2016.

Defendants Health First Health Plans, Inc., Health First Physicians, Inc., Health First, Inc., and Holmes Regional Medical Center, Inc. (collectively, "**Corporate Defendants**") move to file under seal specified exhibits to their forthcoming motion for

summary judgment and *Daubert* motions ("**Forthcoming Motions**"). (Doc. 183.) Specifically, Corporate Defendants seek to: (1) file a complete and unredacted copy of their Forthcoming Motions under seal on the applicable deadline; and (2) within three business days of the applicable deadline, file their Forthcoming Motions on the public docket with confidential exhibits omitted and any discussion of such confidential material redacted from the filing itself ("**Corporate Defendants' Motion**"). (*Id.*) Pursuant to the Court's Order dated January 14, 2016, (Doc. 181) Corporate Defendants sufficiently identify the exhibits and information they wish to file under seal. (Doc. 183, pp. 5–6, 10–11.)

A party seeking to file under seal in the Middle District of Florida must first comply with the procedural requirements set forth in the Local Rules. The party must file a motion to seal that identifies and describes each item proposed for sealing. Local Rule 1.09(a). The motion should include: (1) the reason that filing each item is necessary; (2) the reason that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4) the proposed duration of the seal; and (5) a memorandum of legal authority supporting the seal. *Id.*

In addition to determining whether the party has complied with Rule 1.09(a), the Court must consider the "common law right" of the public to "inspect and copy judicial records and public documents." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) (per curiam) (citations omitted). A party may overcome the "common law right of access" if it is able to show that good cause exists. *MEDAI, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 WL 2512007, at \*2 (M.D. Fla. June 29, 2012);

*Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). To determine whether a party has met this burden, the Court must balance the public's right of access against the party's interest in keeping the information confidential. *Romero*, 480 F.3d at 1246. In balancing these interests:

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns the public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* (citations omitted).

Upon consideration, the Court finds that: (1) Corporate Defendants have complied with the requirements set forth in Local Rule 1.09(a); and (2) Corporate Defendants' Motion sufficiently balances the public's right of access and the parties' interest in keeping the specified information confidential. Therefore, the Motion is due to be granted.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Renewed Motion to Seal Confidential and Highly Confidential Exhibits to Their Forthcoming Motion for Summary Judgment and *Daubert* Motions and Redact Discussions of Confidential Material from Same or, in the Alternative, for De-Designation of Such Materials and Accompanying Memorandum of Law (Doc. 183) is **GRANTED**. On or before **January 22, 2016**, Corporate Defendants shall file a complete and unredacted version of their motion for summary judgment and *Daubert* motions under seal, inclusive of all specified confidential exhibits. Then, on or before **January 27, 2016**, Corporate Defendants shall file the same motion for summary judgment and *Daubert* motions on the public docket, omitting confidential exhibits and redacting any discussion of such confidential exhibits.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 19, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record