**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

OMNI HEALTHCARE INC.;
INTERVENTIONAL SPINE INSTITUTE
OF FLORIDA; CRAIG DELIGDISH;
C. HAMILTON BOONE, PA; BRIAN
DOWDELL, MD; RICHARD GAYLES,
MD; STAN GOLOVAC, MD; LANCE
GRENEVICKI, MD; ALEKSANDER
KOMAR, MD; SCOTT SEMINER, MD;
INSTITUTE OF FACIAL SURGERY
INC.; THE PAIN INSTITUTE INC.; and
PHYSICIAN ASSISTANT SERVICES
OF FLORIDA, LLC; ,

        Plaintiffs,

v.                                              Case No. 6:13-cv-1509-Orl-37DCI

HEALTH FIRST, INC.; HOLMES
REGIONAL MEDICAL CENTER, INC.;
HEALTH FIRST PHYSICIANS, INC.;
HEALTH FIRST HEALTH PLANS, INC.;
MICHAEL D. MEANS; and JERRY
SENNE,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. Plaintiffs Boone, Grenevicki, Komar, Institute of Facial Surgery, and Physician Assistant Services of Florida['s] Opposed Emergency Motions for: (1) Extension of the Sixty Day Dismissal Order Dated November 1, 2016; (2) Equitable Distribution of Settlement Proceeds; and (3) Substitution of Counsel with Incorporated Memorandum of Law (Doc. 338), filed November 15, 2016;

2. Whatley Kallas, LLP's Motion to Compel Arbitration, Response to Emergency Motion of the Boone Plaintiffs, and Incorporated Memorandum of Law (Doc. 346), filed November 21, 2016;

3. Plaintiffs', Omni Healthcare, Inc., Interventional Spine Institute of Florida, Craig Deligdish, MD, Brian Dowdell, MD, Richard Gayles, MD, Stanley Golovac, MD, Scott Seminar, MD, and the Pain Institute, Inc., Response to Emergency Motion for Equitable Distribution of Proceeds (Doc. 347), filed November 23, 2016.

On August 16, 2016—the morning of the second day of trial in this matter—the parties to this action announced in open court that they had reached a settlement. (*See* Doc. 326.) The following day, the Court entered an Order dismissing the case with prejudice, subject to the right of any party to move the Court within sixty days to enter a stipulated form of final order or judgment or to reopen the case upon a showing of good cause. (Doc. 329 ("**Sixty Day Order**").) The parties subsequently moved three times for an extension of the Sixty Day Order on the ground that they had not yet finalized or executed their settlement agreement. (Docs. 331, 333, 335.)

In the interim, several disputes arose amongst the parties with respect to the allocation of settlement proceeds between the Plaintiffs and the payment of attorney fees to the law firm Whatley Kallas, LLP ("**Whatley Kallas**")—joint counsel for all Plaintiffs. (*See* Doc. 338.) Consequently, on November 15, 2016, attorney Adam Scott Levine filed an emergency motion on behalf of five Plaintiffs,[1] seeking: (1) further extension of the

---

[1] Dr. C. Hamilton Boone, Dr. Lance Grenevicki, Dr. Aleksander Komar, the Institute of Facial Surgery, and Physician Services of Florida, LLC (collectively, "**the Moving Plaintiffs**").

Sixty Day Order; (2) substitution of counsel; and (3) equitable distribution of the settlement proceeds by the Court ("**Emergency Motion**"). (*Id.*) Whatley Kallas responded to the Emergency Motion and contemporaneously moved to compel arbitration of the Moving Plaintiffs' disputes. (Doc. 346.) The remaining Plaintiffs ("**Non-Moving Plaintiffs**") also responded to the Emergency Motion. (Doc. 347.)

On December 1, 2016, the Court held a status conference and heard oral argument on the parties' remaining disputes ("**Hearing**"). (*See* Doc. 348.) In accordance with the Court's rulings from the bench during the Hearing, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiffs Boone, Grenevicki, Komar, Institute of Facial Surgery, and Physician Assistant Services of Florida['s] Opposed Emergency Motions for: (1) Extension of the Sixty Day Dismissal Order Dated November 1, 2016; (2) Equitable Distribution of Settlement Proceeds; and (3) Substitution of Counsel with Incorporated Memorandum of Law (Doc. 338) is **GRANTED IN PART AND DENIED IN PART**.

2. Attorney Adam Scott Levine is **SUBSTITUTED** as counsel for the Moving Plaintiffs—Dr. C. Hamilton Boone, Dr. Lance Grenevicki, Dr. Aleksander Komar, the Institute of Facial Surgery, and Physicians Services of Florida, LLC.

3. The period of time for execution of the parties' settlement agreement and transfer of the settlement proceeds is **EXTENDED** through and including Friday, **December 16, 2016**, at which time the case will be **DISMISSED WITH PREJUDICE**. Defendants shall have 10 days following the receipt of

the settlement agreement, executed by all Plaintiffs, to transfer the settlement proceeds to the escrow agent identified by the Plaintiffs as agreed in open court. Assuming that the settlement has been executed and the proceeds have been delivered by this date, Defendants are excused from attendance at any further proceedings. The Court will retain jurisdiction to determine how the settlement proceeds should be allocated amongst the Plaintiffs.

4. On Thursday, **January 5, 2017**, at 9:30 a.m. the Court will hold an evidentiary hearing with respect to the allocation of the settlement proceeds. The parties will have until 4:30 p.m. to present evidence and arguments.

5. On or before Friday, **December 9, 2016**, counsel for the Moving Plaintiffs is **DIRECTED** to file a trial brief outlining the: (1) the issues that the Moving Plaintiffs intend to present at the evidentiary hearing; (2) the witnesses that will testify at the evidentiary hearing and the subject matter of such testimony; and (3) any documents that the Moving Plaintiffs intend to offer at the evidentiary hearing.

6. On or before Friday, **December 23, 2016**, counsel for the Non-Moving Plaintiffs are **DIRECTED** to file responsive briefs also outlining: (1) the issues that they intend to present at the evidentiary hearing; (2) the witnesses that will testify at the evidentiary hearing and the subject matter of such testimony; and (3) any documents that they intend to offer at the evidentiary hearing.

7. Any undisclosed issues, witnesses, or documents will not be heard,

permitted to testify, or admitted at the evidentiary hearing. The parties are directed to be circumspect about the evidence and witnesses identified, which must be relevant to the issues at hand.

8. The losing party will bear the costs of the evidentiary hearing, including but not limited to the fees associated with the presentation of expert witness testimony.

9. The parties' dispute as to the issue of attorney fees will be taken up as necessary after the Court's resolution of the allocation of settlement proceeds.

10. The Court similarly **RESERVES RULING** on Whatley Kallas, LLP's Motion to Compel Arbitration (Doc. 346) until the matter regarding the allocation of settlement proceeds has been resolved.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 2, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record