**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

OMNI HEALTHCARE INC.;
INTERVENTIONAL SPINE INSTITUTE
OF FLORIDA; CRAIG DELIGDISH;
C. HAMILTON BOONE, PA; BRIAN
DOWDELL; RICHARD GAYLES; STAN
GOLOVAC; LANCE GRENEVICKI;
ALEKSANDER KOMAR; SCOTT
SEMINER; INSTITUTE OF FACIAL
SURGERY INC.; THE PAIN INSTITUTE
INC.; and PHYSICIAN ASSISTANT
SERVICES OF FLORIDA, LLC,

      Plaintiffs,

v.   Case No. 6:13-cv-1509-Orl-37DCI

HEALTH FIRST, INC.; HOLMES
REGIONAL MEDICAL CENTER, INC.;
HEALTH FIRST PHYSICIANS, INC.;
HEALTH FIRST HEALTH PLANS, INC.;
MICHAEL D. MEANS; and JERRY
SENNE,

      Defendants.

**ORDER**

This cause is before the Court on Defendants' Emergency Motion for Order Preventing Distribution of Settlement Proceeds Pending Outcome of Qui Tam Action Dispute or[,] Alternatively, to Set Aside Settlement Agreement (Doc. 354), filed December 15, 2016.

The instant Motion arises from post-settlement disputes in two related actions: (1) an antitrust suit—*Omni Healthcare Inc. v. Health First, Inc.*, 6:13-cv-1509-Orl-37DCI ("**Antitrust Action**"); and (2) a qui tam suit brought pursuant to the federal False Claims

Act and the Florida False Claims Act—*United States ex rel. Doe v. Health First, Inc.*, 6:14-cv-501-Orl-37DCI ("**Qui Tam Action**").

On the morning of August 16, 2016—the second day of trial in the Antitrust Action—the parties announced their settlement in open court. (*See Antitrust Action*, Doc. 326.) Three days thereafter, the parties to the Qui Tam Action filed a notice indicating that they too had reached a settlement.[1] (*Qui Tam Action*, Doc. 120.) Since that time, numerous disputes have arisen amongst parties to both actions regarding the execution of their respective settlement agreements and the distribution of the settlement proceeds.

With respect to the disputes in the Antitrust Action, the Court held a hearing on December 1, 2016, and ordered that Defendants transfer the settlement proceeds to an agreed escrow agent pending its determination as to the allocation of such proceeds. (*See Antitrust Action*, Docs. 348, 350.) In the present Motion, the Antitrust Defendants request that the Court also order that these proceeds be held in escrow until the resolution of the parties' settlement disputes in the Qui Tam Action. (*Id.*, Doc. 354.) Upon consideration, the Court finds that this limited request is due to be granted.[2] Due to the emergency nature of the Motion, the Court elects not to await Plaintiffs' response.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Emergency Motion for Order Preventing Distribution of Settlement Proceeds Pending Outcome of Qui Tam Action Dispute or[,] Alternatively, to Set Aside Settlement

---

[1] This "notice," however, was filed in the form of a letter, in clear violation of Local Rule 3.01(f).

[2] The Motion also contains additional requests related to disputes in the Qui Tam Action, which the Court will take up in that action.

Agreement (Doc. 354) is **GRANTED IN PART AND DENIED IN PART**.

1. To the extent that Defendants request an Order preventing distribution of the Antitrust Action settlement proceeds pending the resolution of disputes in the Qui Tam Action, the Motion is **GRANTED**.

2. In all other respects, the Motion is **DENIED**.

3. The escrow agent at the location where the pertinent settlement proceeds have been deposited is **DIRECTED** to hold such funds in escrow until further Order of the Court. The escrow agent is **PROHIBITED** from distributing such proceeds until the Court orders otherwise.

4. Plaintiffs are **DIRECTED** to serve a copy of this Order on the escrow agent.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 21, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record