UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OMNI HEALTHCARE INC.;
INTERVENTIONAL SPINE INSTITUTE
OF FLORIDA; CRAIG DELIGDISH;
C. HAMILTON BOONE, PA; BRIAN
DOWDELL; RICHARD GAYLES; STAN
GOLOVAC; LANCE GRENEVICKI;
ALEKSANDER KOMAR; SCOTT
SEMINER; INSTITUTE OF FACIAL
SURGERY INC.; THE PAIN INSTITUTE
INC.; and PHYSICIAN ASSISTANT
SERVICES OF FLORIDA, LLC,

    Plaintiff,

v.                                           Case No. 6:13-cv-1509-Orl-37DCI

HEALTH FIRST, INC.; HOLMES
REGIONAL MEDICAL CENTER, INC.;
HEALTH FIRST PHYSICIANS, INC.;
HEALTH FIRST HEALTH PLANS,
INC.; MICHAEL D. MEANS; and
JERRY SENNE,

    Defendants.

## ORDER

The present action has devolved into a protracted dispute over the allocation of settlement proceeds between two sets of Plaintiffs—the Omni Plaintiffs[1] and the Boone Plaintiffs.[2] In the instant motion, the Omni Plaintiffs request a Court Order authorizing

---

[1] Omni Healthcare Inc., Interventional Spine Institute of Florida, Craig Deligdish, Brian Dowdell, Richard Gayles, Stan Golovac, Scott Seminer, and The Pain Institute Inc.

[2] C. Hamilton Boone, Lance Grenevicki, Alexander Komar, the Institute of Facial Surgery, Inc., and Physician Assistant Services of Florida, LLC.

distribution of undisputed net settlement proceeds. (Doc. 378.) Ironically, the Omni Plaintiffs' Local Rule 3.01(g) certification reveals that the characterization of this amount as "undisputed" remains uncertain. (*See id.* at 6.) In particular, the Omni Plaintiffs represent that they have been unable to meet and confer with Adam Levine, counsel for the Boone Plaintiffs, despite repeated efforts over three business days. (*Id.*)

As counsel are well aware, Local Rule 3.01(g) provides that:

> [b]efore filing any motion in a civil case . . . the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that the opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer.

Additionally, pursuant to the Court's Case Management and Scheduling Order ("**CMSO**"), counsel for the nonmoving party is obligated "to respond promptly to inquiries and communications from opposing counsel." (Doc. 59, p. 17.)

But neither counsel for the Omni Plaintiffs nor counsel for the Boone Plaintiffs have complied with their obligations under Local Rule 3.01(g) and the CMSO. Such failure is significant because whether the settlement funds requested are truly uncontested will be a critical component in the Court's consideration of the present motion. While the Court is cognizant of the Omni Plaintiffs' efforts to confer, the proper recourse under the circumstances would have been to request relief from the Court for opposing counsel's failure to respond to their meet-and-confer requests—not to file a motion in blatant noncompliance with the Local Rules.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Omni Plaintiffs' Motion for Order Authorizing Distribution of Undisputed Net Settlement Proceeds and Incorporated Memorandum of Law (Doc. 378) is **DENIED WITHOUT PREJUDICE**. If the Omni Plaintiffs choose to refile such motion, they must fully comply with Local Rule 3.01(g).

2. Adam Levine, counsel for the Boone Plaintiffs, is **DIRECTED** to substantively respond to the Omni Plaintiffs' meet-and-confer requests on or before Friday, **March 10, 2017**.

3. All parties are forewarned that continued noncompliance with the Local Rules and Orders of this Court may result in sanctions.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 8, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record