UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OMNI HEALTHCARE INC.;
INTERVENTIONAL SPINE INSTITUTE
OF FLORIDA; CRAIG DELIGDISH;
C. HAMILTON BOONE, PA; BRIAN
DOWDELL; RICHARD GAYLES; STAN
GOLOVAC; LANCE GRENEVICKI;
ALEKSANDER KOMAR; SCOTT
SEMINER; INSTITUE OF FACIAL
SURGERY INC.; THE PAIN INSTITUTE
INC.; and PHYSICIAN ASSISTANT
SERVICES OF FLORIDA, LLC,

     Plaintiffs,

v.                                                    Case No. 6:13-cv-1509-Orl-37DCI

HEALTH FIRST, INC.; HOLMES
REGIONAL MEDICAL CENTER, INC.;
HEALTH FIRST PHYSICIANS, INC.;
HEALTH FIRST HEALTH PLANS,
INC.; MICHAEL D. MEANS; and
JERRY SENNE,

     Defendants.
_____

## ORDER

     The parties settled this antitrust action on August 15, 2016, and announced such

settlement in open court the following day. (*See generally* Doc. 372.) Due to disputes raised

by a subset of Plaintiffs referred to as the Boone Plaintiffs,[1] the Court ordered that the

settlement proceeds remain in escrow until the resolution of all disagreements

---

[1] C. Hamilton Boone, Lance Grenevicki, Alexander Komar, the Institute of Facial
Surgery, Inc., and Physician Assistant Services of Florida, LLC.

-1-

surrounding its allocation, including pending motions for sanctions and allegations of double-counted damages. (*Id.* at 15–16.) Presently, the Omni Plaintiffs[2] move for distribution of the portion of settlement proceeds "for which there is no reasonable basis to dispute."[3] (Doc. 380 ("**Motion**").) In support, the Omni Plaintiffs attached an Interim Distribution Statement, which differentiates: (1) reasonably disputed amounts withheld from the requested distribution; and (2) the remaining amounts sought at the present time. (Doc. 380-1.) These distinctions were also thoroughly discussed in the Motion.

In addition, the Motion sets out the measures taken by the Omni Plaintiffs to meaningfully confer with counsel for the Boone Plaintiffs, Mr. Adam Levine ("**Mr. Levine**"), about these amounts. (Doc. 380, pp. 2–7.) The Omni Plaintiffs represent that, despite being ordered by the Undersigned to do so (*see* Doc. 379, p. 3), Mr. Levine has not engaged in a substantive discussion about his objections to distribution (Doc. 380, pp. 2–7.)

As provided by the Local Rule 3.01(b), a party opposing a motion must file a response that includes a memorandum of legal authority within fourteen days of receiving service. Therefore, if Mr. Levine intended to oppose the Motion, he was required to file such response on or before Thursday, April 13, 2017. Having failed to do

---

[2] Omni Healthcare Inc., Interventional Spine Institute of Florida, Craig Deligdish, Brian Dowdell, Richard Gayles, Stan Golovac, Scott Seminer, and The Pain Institute Inc.

[3] The Omni Plaintiffs refer to such amounts as "amounts for which there is no reasonable basis to dispute," because the Boone Plaintiffs have indicated their opposition to certain amounts yet provided no specific explanation. (*See generally* Doc. 380.) According to the Omni Plaintiffs' Local 3.01(g) certification, Defendants either do not oppose or take no position as to Motion. (Doc. 380, p. 14.)

so, the Court will grant the motion as unopposed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    Omni Plaintiffs' and Whatley Kallas, LLP's Motion to Compel Counsel for the Boone Plaintiffs to Meaningfully Meet and Confer, or, in the Alternative for an Order Authorizing Distribution of Settlement Proceeds for Which There is No Reasonable Basis to Dispute and Incorporated Memorandum of Law (Doc. 380) is **GRANTED**.

2.    Upon receipt of this Order, the escrow agent at the location where the pertinent settlement proceeds are held is **AUTHORIZED AND DIRECTED** to immediately distribute the amounts set forth in the Interim Distribution Sheet (Doc. 380-1) to attorney Joe R. Whatley of the law firm of Whatley Kallas, LLP. The total amount to be distributed is **$25,249,179.56**.

3.    Attorney Joe R. Whatley is **DIRECTED** to provide the Court with certification immediately upon:

      a.    Distribution of these amounts from the escrow agent; and

      b.    Distribution of these amounts to the ultimate recipients.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 19, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record