# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

OMNI HEALTHCARE, INC., *et. al.,*
    Plaintiffs,

v.                                  Case: 6:13-cv-1509

HEALTH FIRST, INC., *et. al.,*
    Defendants.
_____/

## BOONE PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW

Most respectfully, Plaintiffs Boone, Grenevicki, Komar, The Institute for Facial Surgery, and Physicians Assistant Services of Florida (Boone Plaintiffs) file this Motion to Compel Settlement because the Boone Plaintiffs accepted an offer extended by the Omni Plaintiffs to settle on April 3, 2017 and now communications between the Boone and Omni Plaintiffs has significantly deteriorated and the Omni Plaintiffs now seek to withdraw their initial settlement offer that was accepted.

### Background and Current Issues Surrounding the Boone-Omni Settlement

Since before this Court's Order related to the Evidentiary Hearing in January 2017, the Boone Plaintiffs have negotiated in good faith to settle with Whatley Kallas and with the Omni Plaintiffs; even given a variety of artificial deadlines such as, "Respond before the end of business today." Exhibit C. Because the Boone Plaintiffs objected to Whatley Kallas' fees and costs and, pursuant to the Retention Agreement, Whatley Kallas served the Boone Plaintiffs with a Demand for Arbitration on or about March 22, 2017 under JAMS ADR Rules in Atlanta, Georgia. See Exhibit A. The Boone Plaintiffs timely responded to Whatley Kallas' Demand for

1

Arbitration/Mediation and opposed expedited procedures because the Boone Plaintiffs believed that the expedited procedures limited necessary discovery. See Exhibit B. But, although having responded the Whatley Kallas' demand for Arbitration and Mediation, the Boone Plaintiffs do not believe further action is warranted because the Boone Plaintiffs effectively agreed to assign their interest in the underlying litigation to Dr. Deligdish as part of Dr. Deligdish's settlement offer dated April 3, 2017.

On April 3, 2017 at 22:29, on behalf of the Omni Plaintiffs, Dr. Deligdish sent an E-mail to the Boone Plaintiffs and copied their legal counsel stating: (**emphasis added**)

> It is likely that Judge Dalton will rule on the Motion for Attorney's Fees, the Sanctions motion and the motion to compel within the week.
>
> We, the OMNI plaintiffs made an offer to you weeks ago and have yet to receive a response. You continue to be responsible for the Whatley Kallas fees which continue to increase. (see attached statement). Additionally, Cohen Milstein has filed a motion to intervene demanding payment of in excess $1,471,000. Based on the most recent distribution statement the Boone plaintiffs are due in total $375,000 if **you are willing to settle prior to Judge Dalton's order. This would relieve you of the risk of further sanctions, fees and costs for the work performed by Whatley Kallas dating back to 8/16, the costs of arbitration, the costs related to your non-monetary damages and the responsibility to pay Cohen and Milstein for their charging lien.**
>
> **Let me or your attorney know if this offer ($375,000) or the offer made by Whatley Kallas is acceptable to you. Your attorney can communicate with Mike Crosbie directly, who is copied on this email. This offer will be good for 72 hours, or until Judge Dalton rules, whichever comes sooner.**

See Exhibit C: Detailed E-mail Listing

Most importantly, upon information and belief, Dr. Craig Deligdish owns in excess of 99% of Omni Healthcare and has signed written agreements with the other Omni Plaintiffs providing him with sole authority over their interests in this matter. Therefore, on April 4, 2017 at 22:30 undersigned responded to Whatley Kallas and the Omni Plaintiffs with the following acceptance of Dr. Deligdish's offer, (**emphasis added**) "Gentlemen, [g]ood evening, I apologize for the hour,

2

I just got out of class. The Boone Plaintiffs needed some time to talk. **The Boone Plaintiffs have carefully considered Dr. Deligdish's offer…from April 3, 2017 and accepted it.** Attached please find a draft settlement agreement…once a settlement is executed, the Boone Plaintiffs have no objection to requesting that Judge Dalton disburse the funds." *Id.,* and see also Exhibit D. And on April 5, 2017 both Mr. Boone and Dr. Grenevicki, on behalf of the Boone Plaintiffs also communicated their acceptance of Dr. Deligdish's offer. *Exhibit C.*

Dr. Deligdish's offer contained three conditions: (1) Settlement before Judge Dalton's Order determining Fees and Costs; (2) Communication of acceptance to Mr. Crosbie or Dr. Deligdish; and (3) Acceptance within 72 hours of the offer. The Boone Plaintiffs met all three of Dr. Deligdish's conditions. First, settlement was accepted before this Court entered an Order regarding fees and costs. Indeed, the vast majority of the fees and costs were related to Whatley Kallas. And Mr. Whatley testified several times that Whatley Kallas was present at that January Hearing as a witness only. See Hearing Transcript.

Second, acceptance was communicated by Undersigned Counsel to the Omni Counsel by Email (see Exhibit C) and to Dr. Deligdish by both Mr. Boone and by Dr. Grenevicki. And third, this acceptance occurred well within 72 hours of when the offer was made. The April 3, 2017 Offer included: payment of $375,000.00 to the Boone Plaintiffs; no risk of further sanctions; no payment for fees and costs for the work performed by Whatley Kallas dating back to 8/16; no payment for the costs of arbitration; no payment to Whatley Kallas for the Retention Agreement's monetization of the non-monetary terms negotiated between the Boone Plaintiffs and Health First; and no responsibility to pay Cohen Milstein for their charging lien. Although the Boone Plaintiffs had earlier offered to pay reasonable fees and costs related to the Omni Plaintiffs' Counsel and expert, the Boone Plaintiffs believed that Dr. Deligdish's Offer of $375,000.00 in return for the Boone

Plaintiffs not arguing double counting between Drs. Deligdish and Seminer and Omni already included a reduction for such fees and costs.

On or about April 7, 2017 Undersigned contacted the Omni Plaintiffs regarding the draft settlement Agreement and an inquiry about notifying this Court because Whatley Kallas was filing Motions for Distribution and because Whatley Kallas had already initiated a Demand for Mediation/Arbitration. *Id.* The Omni Plaintiffs initial response on April 7, 2017, "We should not provide notice to the Court until this matter has actually settled," never disavows any acceptance of the offer already accepted by the Boone Plaintiffs. And their later response after hours on Friday, April 7, 2017 modified the terms of Dr. Deligdish's initial Offer, that had already been accepted, such that the Boone Plaintiffs would now in fact be responsible for attorney's fees and costs.

The Boone Plaintiffs rejected this change and choose to remain with Dr. Deligdish's original Offer that had already been accepted. On April 11, 2017, the Boone Plaintiffs responded by amending the Settlement Agreement Language to match Dr. Deligdish's April 3, 2017 Offer that was Accepted on April 4, 2017. Exhibit C. On April 14, 2017 the Boone Plaintiffs, in addition to having explained by telephone, again explained their understanding of the Offer that they Accepted:

> Good morning, I hope you are well. I haven't heard back from you about the changes I made to the settlement agreement you forwarded. Boone, Grenevicki, and Komar accepted Dr. Deligdish's Email where he offered, "Based on the most recent distribution statement the Boone plaintiffs are due in total $375,000 if you are willing to settle prior to Judge Dalton's order. This would relieve you of the risk of further sanctions, fees and costs for the work performed by Whatley Kallas dating back to 8/16, the costs of arbitration, the costs related to your non-monetary damages and the responsibility to pay Cohen and Milstein for their charging lien."
>
> Boone, Grenevicki, and Komar accepted Dr. Deligdish's offer before Judge Dalton's ruling. As such, they anticipate executing a settlement agreement pursuant to his offer:
>
> 1. No further sanctions, fees and costs dating back to 8/16

4

    2. No payment for arbitration
    3. No payment for costs related to non-monetary damages
    4. No responsibility to pay Cohen and Milstein.

I believe I modified your agreement to cover the above. I have authority to settle based on the agreement I sent you. Please let me know if it is or is not acceptable.

Exhibit C.

However, despite the Boone Plaintiffs proposing no new terms and only relying on the terms proposed by Dr. Deligdish, on April 14, 2017 the Omni Plaintiffs responded, "Adam: I left you another message. Please return my call. I understand your clients proposed another settlement scenario. Regards, Mike." Accordingly, on April 18 and again on April 20 Undersigned again conferred with Omni Counsel but reached an impasse related to Dr. Deligdish's Offer. And on April 20, 2017 Dr. Deligdish revised his offer to now pay the Boone Plaintiffs $150,000.00; something unacceptable to the Boone Plaintiffs.

Despite Whatley Kallas' having submitted the disagreement over their fees and costs to Mediation and Arbitration, Whatley Kallas continued to file Motions with the Court to distribute funds. The Boone Plaintiffs chose to forego any opposition to funds distribution because they believed that they accepted Dr. Deligdish's Offer. And Undersigned again informed Whatley Kallas on April 19, 2017 that:

> It is Boone, Grenevicki, and Komar's position that they've settled with Dr. Deligdish pursuant to his email and we are only trying to work out the settlement agreement's verbiage with him. As part of that settlement, we will be assigning all of our interests in the case to him. If we cannot reach an agreement on the verbiage, I plan to file a Motion to Compel Settlement pursuant to the terms of Dr. Deligdish's written offer that we accepted, in writing, with Judge Dalton.

Exhibit C.

Unfortunately, during this time, further communications between Omni and Boone deteriorated and both have been unable to reach settlement language acceptable to both

5

that comports with the April 3, 2017 Offer that was accepted. Despite having explained on several occasions that Undersigned is a solo practitioner in an office of only one. Somehow Undersigned is being "disciplined," "disbarred," and professional called into question when phone calls are not immediately answered; even when phone calls in the reverse direction are not immediately answered. For example, the response to, "Mike, I'm in Court most of tomorrow morning and early afternoon. I will call you as soon as I get out," was, "Adam: Your credibility with the Court and with counsel is pretty low. I'm a 22 year lawyer but find time to return calls promptly." And, "As I explained to you yesterday, the parties have not agreed on the material terms [to the settlement offer]."

Undersigned responded, "I should be out at 4:30 tomorrow afternoon and will call you then. I apologize if your imagination is so limited that you believe I cannot immediately answer my phone anytime you call – your system must be much better than mine," and "I will call you at 4:30 tomorrow." In reply Omni Counsel responded, "You've distinguished yourself by advancing baseless arguments, blowing deadlines, ignoring calls from counsel, and failing to appreciate the simplest legal principles. I'm not available at 4:30 tomorrow but am free between 1:30 and 3:45. If Judge Dalton hasn't referred you to the Bar before tomorrow afternoon, please respond to my multiple messages and e-mails by phone. "

And, the next morning knowing that Undersigned was in Court and not available, Omni Counsel E-mailed, "Attached is the updated settlement proposal. I believe it is in your and your clients' best interest to resolve this promptly. So we need to have this executed by the Boone plaintiffs by close of business today." Undersigned responded, having spent the past 10 hours in an administrative hearing representing another client, I called you today and left two telephone messages for you at 4:30. I just finished with an

administrative hearing that began at 9 this morning and am only now getting to my E-mail from today. I did speak with my clients last night who again emphasized that they accepted Dr. Deligdish's offer to them that included the payment of $375,000.00. I will review the attached, discuss it with my clients, and try to call you again tomorrow.

Here the attached was a newly proposed offer for $150,000.00; something not acceptable to the Boone Plaintiffs. Ultimately, Undersigned chose not call Omni Counsel again because Omni Counsel responded with, "Adam, I told you yesterday that I was not available for your staged call. Please call me in the morning. But recognize that because of your buffoonery the settlement offer may be withdrawn. I'm sure judge Dalton would love to hear from you again." Undersigned did however, state by email, "My clients accepted Dr. Deligdish's Offer of $375,000.00 not any lesser amount."

**<u>Memorandum in Support of Enforcing the Accepted April 3, 2017 Settlement Offer</u>**

Given the trials and tribulations of this case, the Boone Plaintiffs are well cognizant of "Be[ing] careful what you wish for"; especially with regard to a settlement offer. *Martins* v. *Royal Caribbean Cruises, Ltd.,* 15-21124-CV, WL 1345117 at *1 (S.D. Fla. Apr. 12, 2017). However, the Boone Plaintiffs merely wish for this Court to put an end to this case for them and enforce the Omni Plaintiffs' Settlement Offer dated April 3, 2017: "The Boone plaintiffs are due in total $375,000 if you are willing to settle prior to Judge Dalton's order. This would relieve you of the risk of further sanctions, fees and costs for the work performed by Whatley Kallas dating back to 8/16, the costs of arbitration, the costs related to your non-monetary damages and the responsibility to pay Cohen and Milstein for their charging lien." Exhibit C.

In *Amequita,* this Court addressed its inherent power to enforce settlement agreements (*quoting Ford* v. *Citizens & S. Nat'l Bank, Cartersville,* 928 F. 2d 1118, 1121 (11th Cir 1991); and

also quoted the Florida Supreme Court (*Robbie* v. *City of Miami,* 469, So. 2d 1384, 1385 (Fla. 1985) where settlement agreements are highly favored and governed by the rules for contract interpretation. *Amequita* v. *West Coast Roofing and Contracting, Inc.,* 8:14-CV-3175, 2015 WL 12859355 at *1 (M.D. Fla. Sept 15, 2015). Further, "In determining whether an enforceable settlement agreement exists, the Court must resolve two questions: first, whether counsel has clear and unequivocal authority to enter into a binding settlement agreement on behalf of his client and, second, whether a binding agreement was reached. *Id., (quoting Murchison* v. *Grand Cypress Hotel Corp.,* 13 F. 3d 1483, 1485 (11th Cir. 1994).

Here there existed clear and unequivocal authority to enter into a binding settlement agreement because Dr. Deligdish himself, on behalf of the Omni Plaintiffs, entered into settlement negotiations directly with the Boone Plaintiffs. And, Dr. Deligdish made the April 3, 2017 Offer. Indeed, the Boone Plaintiffs themselves accepted Dr. Deligdish's Offer as did Undersigned Counsel to Omni Counsel. Like *Amequita,* the issue involving the settlement agreement revolves around the terms of Dr. Deligdish's email, "At the center of the Parties' dispute…is whether the Parties' email correspondence manifested an enforceable settlement agreement containing all the essential terms. 'What constitutes an essential term…will vary…according to the nature and complexity of each transaction and must be evaluated on a specific basis." *Id.* at *2 *(quoting Miles* v. *Northwestern Mut. Life Ins. Co.,* 677 F. Supp 2d 1312, 1315 (M.D. Fla. 2009) (*quoting ABC Liquors* v. *Centimark Corp.,* 967 So. 2d 1053, 1056 (Fla. 5th DCA 2007)).

Logically, the essential terms of this settlement, like those in any other settlement, put an end to the dispute between the parties. Dr. Deligdish's Offer did just that. First, it provided for payment to the Boone Plaintiffs for their participation in the underlying lawsuit. Second, the Offer relieved the Boone Plaintiffs from any further sanctions. And, since none had been ordered by the

time the Offer was extended or accepted, none would be owed. Third, Omni would cover the costs related to Whatley Kallas dating back to August 16, 2016 as well as the monetization of the non-monetary terms of the Boone Plaintiffs agreement with Health First. This effectively put an end to the relationship between the Boone Plaintiffs and Whatley Kallas. Finally, the Offer provided a separation and exit for the Boone Plaintiffs related to any and all claims extended by Cohen Milstein. What Dr. Deligdish's Offer did not address, because it did not have to, was the relationship between the Boone Plaintiffs and Health First that is already governed by a Settlement Offer.

Thus, the Boone Plaintiffs believe that all essential elements necessary for an enforceable settlement agreement were contained in the Offer as well as its containing three conditions precedent; which were all met at the time they accepted the Offer. Once the Omni Plaintiffs pay the Boone Plaintiffs according to the Payment terms, $375,000.00, there would nothing left to be negotiated because acceptance of the Offer, "would relieve you of the risk of further sanctions, fees and costs for the work performed by Whatley Kallas dating back to 8/16, the costs of arbitration, the costs related to your non-monetary damages and the responsibility to pay Cohen and Milstein for their charging lien." Exhibit C. Like any other contract, Dr. Deligdish's email should be enforced and Ordered by the Court because it constituted an Offer that was accepted and because there were sufficient specific terms detailed in the Offer that had been accepted. See *Pratts* v. *Fowler, LLC.,* 2:15-CV-124, 2015 WL 3539608 at *1 (M.D., Fla. June 3, 2015) (*quoting Jones* v. *Sallie Mae, Inc.,* 3:13-CV-837 at *4 (M.D., Fla. Dec. 4, 2013).

**Prayer for Relief**

Respectfully, the Boone Plaintiffs request that this Court enter an Order to enforce the terms of the Offer extended by Dr. Deligdish on April 3, 2017 and Accepted by the Boone Plaintiffs on April 4, 2017.

**Certificate of Conference**

Pursuant to Local Rule 3.01(g), the Boone Plaintiffs conferred with the Omni Plaintiffs about the subject of this Motion and unsuccessfully provided a copy of this Motion in a good faith effort to resolve the issues raised by this motion. The Boone Plaintiffs referred to the possibility of having to file this Motion on several occasions. Exhibit C. And the Omni Plaintiiffs threatened sanctions over this Motion. Exhibit C. Regardless, since the Offer was extended, April 3, 2017 and accepted April 4, 2017, Whately Kallas has proceeded with Mediation/Arbitration that would no longer be necessary, and Omni has either added terms to the agreement, denied the existence of any settlement, or referred to this Motion as "irrational." Exhibit C. The Boone Plaintiffs do not want to create work for anyone and will be willing to withdraw this Motion and Settle at any time provided the Omni Plaintiffs propose settlement agreement language limited to the Offer proposed by Dr. Deligdish.

**Respectfully submitted this 27th Day of April 2017**

        **The Florida Legal Advocacy Group of Tampa Bay**
         /s/   Adam S. Levine
        Adam S. Levine, M.D., J.D.
        Florida Bar #78288
        **Certificate of Service**

**Certificate of Service**

I hereby certify that on this date I electronically filed a true and accurate copy of the foregoing document with the Clerk of Court using the CM/ECF system which will send an electronic notification to all counsel of record.

**Respectfully submitted this 27th Day of April 2017**

> The Florida Legal Advocacy Group of Tampa Bay
>   /s/   Adam S. Levine
> Adam S. Levine, M.D., J.D.
> Florida Bar #78288
> 1180 Gulf Boulevard, Suite 303, Clearwater, Florida 33767
> (727) 512 – 1969 [Telephone]
> (866) 242 – 4946 [Facsimile]
> aslevine@msn.com [Primary E-mail]
> alevine@law.stetson.edu [Secondary E-mail]
> Attorney for Plaintiffs Boone, Grenevicki, and Komar