# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

OMNI HEALTHCARE INC., INTERVENTIONAL SPINE INSTITUTE OF FLORIDA, CRAIG DELIGDISH, C. HAMILTON BOONE, PA, BRIAN DOWELL, RICHARD GAYLES, STAN GOLOVAC, LANCE GRENEVICKI, ALEKSANDER KOMAR, SCOTT SEMINER, INSTITUTE OF FACIAL SURGERY INC., THE PAIN INSTITUTE INC. and PHYSICIAN ASSISTANT SERVICES OF FLORIDA, LLC,

        Plaintiffs,

v.                                      Case No: 6:13-cv-1509-Orl-37DCI

HEALTH FIRST, INC., HOLMES REGIONAL MEDICAL CENTER, INC., HEALTH FIRST PHYSICIANS, INC., HEALTH FIRST HEALTH PLANS, INC., MICHAEL D. MEANS and JERRY SENNE,

        Defendants.

## ORDER

    This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO INTERVENE BY COHEN MILSTEIN SELLERS & TOLL PLLC (Doc. 381)** |
| **FILED:** | **March 31, 2017** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

1

I.     **BACKGROUND**.

In December 2012, plaintiffs Omni Healthcare, Inc. (Omni) and Craig Deligdish, MD signed a legal representation agreement with Morgan & Morgan, P.A. (Doc. 389-1 at 6-11). That contract stipulated that Morgan & Morgan would represent the plaintiffs in their antitrust suit on a contingency basis. *Id.* at 6, ¶ B(i). In July 2013, additional plaintiffs joined Omni and Deligdish to form two groups, the original "Omni Plaintiffs" and the new "Boone Plaintiffs" [1] (collectively Plaintiffs). Plaintiffs signed an addendum to the 2012 contract (the Addendum), in which they agreed to be jointly represented by Morgan & Morgan, Epstein Becker and Green (EBG), and Cohen Milstein Sellers & Toll PLCC (CMST) pursuant to the terms of the original contract. *Id.* at 18-19.

Under the Addendum, the three law firms agreed to share the total attorney fees recovered in the action equally, with adjustments according to man hours contributed to the case. *Id.* at 19, ¶ B. The firms further agreed that "[Morgan & Morgan] shall be responsible to pay attorney's fees to the firms of EBG and CMST," and the terms of the Addendum apply to any new firm associated with the litigation unless an "additional written agreement supplements or supplants [it], expressly and by the agreement of all parties and [Morgan & Morgan, EBG, and CMST]." *Id.* The three firms later signed an Associating Attorney Agreement, in which these terms are described in more detail. *Id.* at 86-88.

In November 2013, CMST withdrew as counsel of record.[2] Doc. 78. In December 2014, Plaintiffs retained Whatley Kallas, LLP, as co-counsel (Docs. 86-93) and sought a release from

---

[1] This distinction is significant because the Omni Plaintiffs oppose this Motion, while the Boone Plaintiffs do not. Doc. 381 at 1 n.1.

[2] There is a dispute between the Omni Plaintiffs and CMST as to whether CMST voluntarily withdrew, but, the Court finds, that particular issue is not relevant to CMST's motion to intervene.

CMST.  Doc. 389-1 at 78, 80.  Beginning December 31, 2014, CMST, Morgan & Morgan, and Craig Deligdish (of the Omni Plaintiffs) exchanged a series of emails in which CMST asserted its right to payment and its willingness to "work with any counsel that comes on board . . . to make sure that something can be worked out that is agreeable to everyone involved."  Doc. 389-1 at 77. It appears nothing came of the offer.  *Id.* at 73.

On August 16, 2016, the parties settled and the Court dismissed the case with prejudice "subject to the right of any party to move the Court within sixty (60) days thereafter for the purpose of entering a stipulated form or final order or judgment, or, on good cause shown, to reopen the case for further proceedings."  Doc. 329.  The Court extended the time of the initial order several times (Docs. 332, 334, 339, 350) because the parties could not finalize a settlement agreement. *See* Docs. 331, 333, 336, 338.

The Boone Plaintiffs and the Omni Plaintiffs continued to dispute the allocation of the settlement funds between themselves (*see* Doc. 350), and in January 2016 the Court ordered all settlement funds to remain in escrow until the parties resolved their disagreements.  Doc. 372 at 15-16.  On March 30, 2017,[3] the Omni Plaintiffs moved for distribution of the "amounts for which there is no reasonable basis for dispute" (Doc. 380) and submitted an Interim Distribution Statement (Doc. 380-1) in support of that motion.  The distribution statement differentiated: 1) reasonably disputed amounts withheld from the requested distribution; and 2) the remaining amounts sought.  *Id.*

---

EBG withdrew as counsel in February 2015 for unrelated reasons and is not party to this dispute. Doc. 108.

[3] The Omni Plaintiffs initially moved for distribution of undisputed settlement funds on March 7, 2017 (Doc. 378), but that motion was denied without prejudice for failure to comply with Local Rule 3.01(g).  (Doc. 379).

3

CMST learned of the settlement shortly after it occurred (Doc. 381-3 at 2) and on October 27, 2016, sent Whatley Kallas a letter demanding attorney fees. *Id.* at 6-8. CMST expressed its desire to "resolve [its] claim to be paid for work . . . on very reasonable terms" (*Id.* at 6) and offered to accept $611,088.75,[4] "a fraction of [its] total lodestar." *Id.* at 8. Morgan & Morgan responded that "the Plaintiffs, Whatley Kallas, and other counsel for Plaintiffs . . . all concluded along with [Morgan & Morgan] that [CMST] is not entitled to any payment ultimately collected in this case." *Id.* at 10-11. CMST responded on February 23, 2017 and expressed its intent to file a charging lien unless it received $611,088.75 by March 10, 2017. *Id.* at 15. The Omni Plaintiffs did not respond to CMST, but when the Omni Plaintiffs moved to distribute undisputed funds on March 7, 2017[5] and then on March 30, 2017, the "reasonably disputed" amounts in the Interim Distribution Statement included $611,088.75 designated "for lien issue" in reference to CMST's potential charging lien. *Id.*

On March 31, 2017, CMST filed a Motion to Intervene (the Motion) pursuant to Rule 24 of the Federal Rules of Civil Procedure. Doc. 381. CMST seeks an order granting leave to intervene for the purpose of noticing and adjudicating a charging lien. *Id.* at 1. In April 2017, the Omni Plaintiffs filed a response in opposition to the Motion (Doc. 382) and CMST subsequently filed a Reply to that Response. Doc. 389.

---

[4] CMST's calculations for the actual amount due exceed $1 million; the $611,088.75 CMST proposed in negotiations is based on the time CMST spent preparing the amended complaint and defending it in court. Doc. 381-3 at 6.

[5] The Interim Distribution Statement attached to the initial motion on March 7, 2017 actually holds back $611,085.75 "for Cohen claim." Doc. 378-2 at 4. The three dollar difference between the March 7 and March 30 Interim Distribution Statements appears to be in error, as the Omni Plaintiffs indicate that "[o]n February 23, 2017, Morgan & Morgan received a letter from Cohen Milstein claiming a right to $611,088.75 in fees, and Whatley Kallas has since revised the Interim Distribution Statement to reflect that claimed amount." Doc. 380-2 at 4.

4

## II. ANALYSIS.

As Plaintiffs' former counsel, CMST moves to intervene in order to obtain its portion of attorney fees. An intervenor may move to intervene as of right under Rule 24(a) or join the case via permissive intervention under Rule 24(b). Fed. R. Civ. P. 24. CMST claims the right to intervene, or in the alternative, requests permission to intervene. Doc. 381 at 6-7.

### A. Intervention as of Right.

In the Eleventh Circuit, a party seeking to intervene as of right must: 1) timely move to intervene; 2) show that it has an interest relating to the subject matter of the suit; 3) show that its ability to protect that interest may be impaired or impeded by the disposition of the suit; and 4) show that the existing parties to the suit cannot adequately represent that interest. [6] *See Georgia v. United States Army Corps of Eng'rs,* 302 F.3d 1242, 1249 (11th Cir. 2002). If a party meets each of these four requirements, the court must allow it to intervene. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).

CMST argues that it meets all four prongs of this standard because 1) any delay in filing its motion to intervene was primarily caused by a good faith effort to resolve its claim through negotiation; 2) as a party to a contingency fee agreement who worked on the case, CMST has an interest in the settlement funds; 3) the disbursement of those funds will impede or impair CMST's

---

[6] Rule 24(a) reads in pertinent part:

> Upon timely application anyone shall be permitted to intervene in an action (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties.

Fed. R. Civ. P. 24(a).

interest in being paid; and 4) the existing parties to the suit have competing interests and therefore cannot adequately represent CMST's interests. Doc. 381 at 6-7. Omni Plaintiffs argue that the Motion is untimely because it was filed "twenty-nine months after [CMST's] withdrawal, seven months after the parties settled, and almost four months after the case was dismissed" (Doc. 382 at 11), and that CMST has no interest in the settlement funds since it voluntarily withdrew as Plaintiffs' counsel. *Id.* at 16.

### 1. Timeliness of the Motion to Intervene.

Intervention as of right requires a motion be "timely" filed, but Rule 24 does not lay out actual time limits. Fed. R. Civ. P. 24. Courts have relatively broad discretion in assessing timeliness and generally consider four factors: 1) the length of time during which the intervenor knew, or reasonably should have known, of his interest in the case before he petitioned for leave to intervene; 2) the extent of prejudice to existing parties as a result of the intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; 3) the extent of prejudice to the intervenor if the petition is denied; and 4) the existence of unusual circumstances militating either for or against a determination that the application is untimely. *United States v. Jefferson Cty.,* 720 F.2d 1511, 1516 (11th Cir. 1983) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-66 (5th Cir. 1977)).[7] No one factor is dispositive, and the Eleventh Circuit urges courts to "keep in mind that '[t]imeliness is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice.'" *Chiles*, 865 F.2d at 1213 (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir.

---

[7] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

6

1970)).  Further, "[t]imeliness is to be determined from all the circumstances. And it is to be determined by the court in the exercise of its sound discretion . . . ." *Nat'l Ass'n for Advancement of Colored People v. N.Y.*, 413 U.S. 345, 366 (1973).

CMST asserts that it learned of the settlement, and thus of its interest in the settlement funds, in August 2016:

> The underlying representation agreements were contingency agreements that provided for the payment of attorneys' fees only upon the occurrence of a successful recovery by Plaintiffs.  Thus, while CMST was aware of its *potential* interest in this action at the time of its withdrawal of counsel, CMST did not learn of the accrual of its interest until it read about the settlement in a news article in August 2016.

Doc. 381 at 6.  The Eleventh Circuit generally characterizes interests contingent upon the outcome of pending litigation as speculative, not legally protectable, and insufficient to support a motion to intervene.  *See Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (denying intervention where interest was contingent upon the outcome of pending litigation) (citing *Ace Am. Ins. Co. v. Paradise Divers, Inc.*, 216 F.R.D. 537, 539 (S.D. Fla. 2003) (denying intervention where "[proposed intervenor's] possessing a stake in this action [was] contingent on first obtaining a judgement against Paradise Divers and not based on legally protected ground")); *see also Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1124 n.2 (5th Cir. 1970) ("The cases cited by appellants are cases in which intervention was denied because the interest was speculative or had no legally protectable nature . . . .").

CMST was hired under a contingency fee contract.  The case settled in August 2016. CMST filed this Motion approximately six months later.  Doc. 381 at 6.  The undersigned finds that the relatively short amount of time between the settlement and CMST's Motion weighs in favor of a determination of timeliness, especially given that CMST spent that time communicating

7

with Plaintiffs' counsel and attempting to negotiate payment without involving the Court. *See* Doc. 381-3 at 6-16.

In fact, CMST, Plaintiffs, and Plaintiffs' counsel communicated at length prior to CMST filing this Motion. *See* Doc. 389-1 at 73-81. As a result, all parties were or should have been aware that CMST intended to seek payment, through negotiation or by charging lien, well before CMST moved to intervene with the purpose of filing such a lien. *See* Doc. 381-3 at 6-16. Plaintiffs were informed of CMST's intent to claim payment, at the latest, in October 2016 (Doc. 381-3 at 6), and they provided for the possibility that CMST would successfully claim payment by holding back at least partial payment as "disputed funds" before the Motion was filed. Doc. 380-1 at 2.

Before the existing parties settled (*see* Doc. 389-1 at 73-75), or at the latest, two months after (*see* Doc. 381-3 at 6), they knew CMST believed itself entitled to attorney fees and was willing to file a charging lien to obtain payment. The parties thus provided for the possibility of being required to pay CMST – at least partially – by holding back a portion of the settlement funds. Docs. 386; 380-1 at 2. Because the existing parties knew of and prepared for CMST's moving to intervene, the six months between CMST's learning of the settlement and filing this Motion has little, if any, prejudicial effect on the existing parties to the case.

The Omni Plaintiffs can hardly claim to be greatly prejudiced by the result CMST promised in the event that negotiations failed. *See* Docs. 389-1 at 75; 381-3 at 2. Furthermore, granting CMST's Motion six months after CMST could first have moved to intervene does not place undue financial burden on the existing parties to the case. Not only have the parties themselves delayed the disbursement of funds, but they have provided for disbursement of those funds that are not disputed, and CMST's portion of the "disputed funds" is a relatively small one, and already provided for. Thus, CMST's failure to apply for intervention immediately upon realizing its

8

interest in the settlement funds does not greatly prejudice the existing parties to the case, which weighs in favor of a determination of timeliness. Moreover, the undersigned finds that the extent of prejudice to CMST if the petition to intervene were denied also weighs in favor of a finding of timeliness, as CMST may ultimately be precluded from obtaining the $611,088.75 held back in this action.

Finally, in considering any circumstances that militate either for or against a determination of timeliness, the Court notes that Omni Plaintiffs argue at length that under the standards for a charging lien, CMST's proposed lien is untimely. Doc. 382 at 12. They assert that this "militate[s] against a determination that CMST's motion is timely." *Id.* The Court considers the timeliness of a proposed charging lien outside the scope of this analysis. The totality of relevant circumstances surrounding this case includes CMST's ongoing efforts, beginning in December 2014, to negotiate payment without involving the Court. Doc. 389-1 at 75. Considering this Circuit's policy in favor of "accommodating flexibility" (*Chiles*, 865 F.2d at 1213 (quoting *McDonald*, 430 F.2d at 1074)) with regard to the timeliness requirement and the Supreme Court's directive to consider all circumstances, the Court cannot reasonably penalize CMST for dilatory filing of a motion to intervene when circumstances indicate that the delay in filing was primarily caused by reasonable efforts to avoid filing at all. Therefore, the undersigned finds that the Motion is timely.

### 2. The Remaining Three Factors for Intervention as of Right

Having found the Motion timely, the Court must consider the remaining factors under Rule 24(a): whether CMST claims an interest relating to the subject matter of the suit; whether CMST's ability to protect that interest may be impaired or impeded by the disposition of the suit; and whether the existing parties to the suit can adequately represent that interest. Fed. R. Civ. P. 24. Two controlling cases from the former Fifth Circuit, neither of which the parties cited in their

original briefing, bind the Court when considering these factors in this case. *See Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir. 1970); *Gilbert v. Johnson*, 601 F.2d 761 (5th Cir. 1979), cert denied, 445 U.S. 961 (1980).

In *Gaines*, the plaintiff signed a contingency fee contract with a law firm to represent him in a personal injury action. 434 F.2d at 53. After the firm filed the lawsuit and allegedly spent a considerable amount of time working on the case, the plaintiff discharged the firm and hired new counsel. *Id.* at 53-54. As former counsel, the appellant law firm moved to intervene in district court to protect its interest under the contingency fee contract. *Id.* at 54. The district court denied the motion, but the former Fifth Circuit, applying Rule 24,[8] reversed, stating: "[w]e think it is clear that the appellant law firm here claimed an interest in the subject of the action . . . ." *Id.*

In *Gilbert*, the former Fifth Circuit (J. Tuttle authoring the opinion) reaffirmed the *Gaines* decision when it reversed the district court's ruling denying a plaintiff's former counsel the right to intervene for a fee covering services rendered. *Gilbert,* 601 F.2d at 767. The court noted, as it held in *Gaines*, that the former counsel's interest in compensation was "an interest in [the] litigation for which protection from the court [could] properly be sought allowing the party to intervene in the pending action." *Id.* Finding the case indistinguishable from *Gaines*, the Circuit ruled that former counsel should be permitted to intervene. *Id.*

---

[8] Rule 24, as applied in *Gaines*, read as follows:

> Fed. R. Civ. P. 24 permits intervention 'when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.'

*Gaines,* 434 F.2d at 54 (quoting Fed. R. Civ. P. 24). There have been no substantive changes to Rule 24 since its application in *Gaines*.

The Court subsequently gave the parties an opportunity to discuss the significance of these cases as to the final three factors. Doc. 394. CMST concedes that *Gaines* and *Gilbert* are controlling law in the Eleventh Circuit. Doc. 395 at 1. By not directly addressing the issue and citing no relevant cases to the contrary, the Omni Plaintiffs appear to agree, although they attempt to distinguish those opinions on their facts. *See* Doc. 396.

To the extent that the Omni Plaintiffs seek to distinguish this case from *Gaines* and *Gilbert,* they argue that *Gaines* and *Gilbert* are "inapposite" because the former Fifth Circuit applied Louisiana and Georgia state law in determining whether intervention was appropriate in those cases. *Id.* at 3-4. However, neither *Gaines* nor *Gilbert* were decided on state law; both decisions rely on the application of factors under Rule 24. To the extent that state law is relevant, it speaks to the merits of the proposed intervenor's claim, rather than to his right to intervene. Omni Plaintiffs appear to conflate entitlement to attorney fees with "claiming an interest" (Fed. R. Civ. P. 24 (a)) in settlement proceeds. *See* Doc. 396 at 2 ("CMST has no interest in this action because CMST forfeited its entitlement to compensation by voluntarily withdrawing as counsel under a contingency fee agreement.") (citing *Faro v. Romani*, 641 So.2d 60, 71 (Fla. 1994)). Under the controlling law of this Circuit, CMST claims an interest sufficient to intervene as of right. If the Omni Plaintiffs wish to contest the merits of such a claim, they may properly do so after intervention, but the validity of CMST's claimed interest is not yet at issue.

To be sure, the opinions in *Gaines* and *Gilbert* continue to bind the Court, although the current Fifth Circuit has questioned the reasoning of those opinions. Even in *Gilbert*, Judge Rubin stated the following:

> Were the matter open for consideration, I would deny lawyers employed on a contingent fee the right to intervene in order to safeguard their fees, at least when they can protect their interest in some other way. A lawyer is entitled to protection, but he can usually safeguard the fee he has earned by some means other than

11

> intervention. In such cases, 'the disposition of the action [will not] as a practical matter impair or impede his ability to protect that interest . . . .

601 F.2d at 767-68 (Rubin, J., specially concurring) (quoting Fed. R. Civ. P. 24(a)(2)). In *Keith v. St. George Packing Co.*, 806 F.2d 525, 526 (5th Cir. 1986), the court allowed a discharged attorney, initially retained on a contingency basis, to intervene as a matter of right. There, the Fifth Circuit noted that "[a]lthough *Gaines* may not represent the most persuasive use of Fed. R. Civ. P. 24, it binds us as the law of this Circuit until modified en banc." *Keith,* 806 F.2d at 526; *see also Alam v. Mae*, 2007 WL 4411544 at *4 (S.D. Tex. Dec. 17, 2007) ("[A]lthough the rule announced in *Gaines* and *Gilbert* – that an attorney with a contingency fee agreement or who has otherwise sufficiently worked on a matter to establish an interest in a case may intervene as a matter of right under Rule 24 – has been called into doubt, it remains the law of the circuit.").

No Eleventh Circuit opinion mentions *Gilbert* or *Gaines*, and the undersigned found no Eleventh Circuit case otherwise on point. There are four cases from district courts in the Eleventh Circuit that mention *Gilbert* or *Gaines*; none of those cases cite *Gilbert* or *Gaines* with any disapproval. *See James River Ins. Co. v. Arlington Pebble Creek, LLC*, 188 F. Supp. 3d 1246, 1253 (N.D. Fla. 2016); *Ray Capital Inc. v. Newlead Castellano*, No. cv 416-093, 2016 WL 5844858, 2017 A.M.C. 2754, 2759 n.6 (S.D. Ga. Oct. 4, 2016); *Everett v. City of St. Petersburg*, No. 8:14-cv-2508-T-36AEP, 2015 WL 2168786, at *1 (M.D. Fla. May 7, 2015); *Beck v. Shinseki*, No. cv 113-126, 2015 WL 1202196, at *12 (S.D. Ga. Mar. 16, 2015). The undersigned found no opinion otherwise on point in any district court case within the Eleventh Circuit. The parties cite no controlling law on point, and the Court is therefore bound by precedent set by the former Fifth Circuit.

While the undersigned believes that this ends the issue, the final three factors do otherwise support intervention as of right, and those factors will be discussed *seriatim*:

12

### a. Interest in the Action

The Omni Plaintiffs argue that CMST does not have a sufficient Rule 24(a) interest for two reasons: 1) CMST forfeited any interest it "may have" because it did not timely file its motion to intervene (Doc. 382 at 12); and 2) CMST "forfeited its entitlement to compensation by voluntarily withdrawing as counsel . . . ." *Id.* at 13. The first argument has been discussed and repudiated. The second argument requires a dispositive finding within the realm of contract law, and the Court cannot make such a finding based on the available record.

Like the intervening counsel in *Gaines*, CMST was retained on a contingency basis and discharged after spending "considerable time" working on the case. *Gaines*, 434 F.2d at 53-54. When Morgan & Morgan signed the initial representation agreement with Plaintiffs, it stipulated that "[t]his is a contingent fee contract" (Doc. 389-1 at 6, ¶ B(i)) and that "[Morgan & Morgan] shall be responsible to pay attorneys' fees to any associated attorney from the final disbursement proceeds to [Morgan & Morgan]." *Id.* at 8, ¶ E. CMST entered the agreement in October 2013 via the Addendum, which reiterated that attorney fees would be collected on a contingency basis, and that Morgan & Morgan would be responsible for their distribution to associated attorneys, including CMST. Doc. 389-1 at 19, ¶ B. CMST contends that it "expended 2,027 hours of attorney and paralegal time, representing $1,170,491.25 in [attorney] fees" until it withdrew as counsel of record in November 2014. Doc. 381-2 at 3, ¶¶ 6 – 8.

In August 2016, the case settled and Plaintiffs received a settlement award, and CMST now wants to be paid pursuant to the Addendum. Doc. 381-3 at 6. Morgan & Morgan apparently disputes CMST's right to payment: the firms disagree as to whether CMST forfeited its contingency fee when it withdrew as counsel. *Id.* at 10-11. In an effort to demonstrate a

13

"reasonable" conciliatory approach, CMST initially offered to accept $611,088.75 in fees[9] (*Id.* at 6), but negotiations between the firms failed. *Id.* at 10. CMST filed this Motion in order to pursue a charging lien, and wishes to intervene based on its interest in being paid. Doc. 381 at 1, 7.

In light of the rule set forth in *Gaines* and *Gilbert*, the Court finds that CMST, as former counsel for Plaintiffs with a contingency fee agreement and significant work history on the case at hand, claims sufficient interest to warrant intervention as of right. *See Alam*, 2007 WL 4411544 at *4. CMST worked on Plaintiffs' behalf at length: "over the course of nearly twenty-one months" it "pursued several matters, including retaining an expert, meeting with government officials, speaking with law firms as potential co-counsel, obtaining discovery, responding to discovery, and preserving plaintiffs' documents." Doc. 381-3 at 6. The Omni Plaintiffs do not dispute the asserted amount of time spent, value of work done, or level of involvement CMST had in the case. *See* Doc. 382. Furthermore, the Omni Plaintiffs submitted to the Court an Interim Distribution Statement (Doc. 380-1) that suggests $611,088.75[10] be withheld from any disbursed settlement proceeds because of the "lien issue" in anticipation of the potential need to pay CMST. *Id.* The Court views the Interim Distribution Statement as tacit acknowledgement that CMST has some degree of interest in the settlement funds.

The Court does not find that CMST's withdrawal necessarily negates its interest in the context of Rule 24. In their argument opposing intervention, the Omni Plaintiffs rely heavily on the merits, or perceived lack thereof, of CMST's claimed interest. *See* Doc. 382 at 13-16. However, this Motion is one for intervention, and a substantive evaluation of CMST's interest puts the cart before the horse. The merits of CMST's charging lien are not yet at issue, and CMST

---

[9] This is the exact same amount withheld pursuant to the Interim Distribution Statement (Doc. 380-1).
[10] This is the amount CMST initially requested in fees.

14

fulfills Rule 24's requirement that an intervenor must *claim* an interest relating to the subject matter of the proceeding. Fed. R. Civ. P. 24. This Circuit holds that former counsel moving to intervene for payment have an interest under Rule 24. *Alam,* 2007 WL 4411544 at *4. Therefore, CMST's interest in compensation is one "for which protection from the court can properly be sought." *Gilbert,* 601 F2d. at 767.

### b. Ability to Protect Interest

"All that is required under Rule 24(a)(2) is that the would-be intervenor be practically disadvantaged by his exclusion from the proceedings." *Huff v. Comm'r of IRS*, 743 F.3d 790, 800 (11th Cir. 2014) (citing *Chiles,* 865 F.2d at 1214). If excluded from this case's proceedings to resolve fee disputes and allocate settlement funds, CMST faces the distinct disadvantage of convincing another court to resolve a fee dispute and effectively re-allocate settlement funds from a separate – and already litigated – case. Indeed, CMST could ostensibly face any number of practical obstacles, and the Court cannot conceive of every possibility. The language of Rule 24 requires a proposed intervenor "be so situated that the disposition of the action *may* as a practical matter impair or impede [his] ability to protect that interest . . . " (Fed. R. Civ. P. 24(a)) (emphasis added).[11] The undersigned finds that refusing to allow intervention in this case may indeed impede or impair CMST's ability to protect its claimed interest in the settlement funds. *See Cascade Nat. Gas Corp. v. El Paso Nat. Gas Co.*, 386 U.S. 129, 134 n.3 (1967) ("If an absentee would be

---

[11] As amended in 1948, Rule 24 provided for intervention as of right "where the applicant established that he would be adversely affected by the distribution or disposition of property involved in an action to which he had not been made a party." Rule 24. Intervention, Fed. R. Civ. P., Rules and Commentary Appendix A. In 1966, the Advisory Committee revised Rule 24 to allow intervention as of right "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action . . . his right to [intervene] should not depend on whether there is a fund to be distributed or otherwise disposed of." *Id.* Given the history of this Rule, it seems that CMST meets even the less inclusive version of Rule 24, because this case involves a settlement fund.

15

substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." (citation omitted)).

### c. Adequate Representation by Existing Parties

The fourth requirement for intervention as of right "is satisfied if the proposed intervenor shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Chiles,* 865 F.2d at 1214 (citing *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n.10 (1972)). Thus, CMST "should be allowed to intervene unless it is clear that [existing parties] will provide adequate representation." *Id.* (citing 7C C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1909, at 319 (2d ed. 1986). CMST, Whatley Kallas, and Morgan & Morgan all seek to be paid a portion of the settlement funds based on their work on Plaintiffs' behalf. Neither Whatley Kallas nor Morgan & Morgan can reasonably be expected to advocate for CMST's interest in the settlement funds, since CMST's successful claim would necessarily shrink the portion available to the other firms. Indeed, the Omni Plaintiffs believe that "CMST's claim for an amount from the settlement proceeds for previous legal fees . . . is entirely without merit." Doc. 378 at 2-3. Given the circumstances of this case, it appears that the existing parties are not adequately protecting CMST's interests; to the contrary, it appears that CMST's interests are in conflict with those of the existing parties. And any remaining doubt "concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action." *Fed. Sav. & Loan Ins. Corp v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 216 (11th Cir. 1993).

## B. Whether the Intervenor should be Allowed Permissive Intervention.

If a movant does not establish a right to intervene, the court may grant permission to do so under Rule 24(b)(1) if: 1) his motion is timely; and 2) he has a claim or defense that shares with the main action a common question of rule or fact. Permission to intervene is wholly within the court's discretion. While the court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights" in exercising this discretion (Fed. R. Civ. P. 24(c)), the court may refuse to allow intervention even when "there is a common question of law or fact [or] the requirements of Rule 24(b) are otherwise satisfied." *Worlds v. Dep't of Health and Rehabilitative Serv.*, 929 F.2d 591, 595 (11th Cir. 1991) (quoting 7C Charles A. Wright, et al., *Federal Practice and Procedure* § 1913, at 376–77 (2d ed. 1986) (footnotes omitted)).

In the event that the Court finds CMST cannot intervene as of right, it is recommended that the Court exercise its discretion to decline permissive intervention. While CMST's Motion may be timely, CMST has not presented sufficient argument to warrant permissive intervention. The law in this Circuit dictates, generally, that former counsel with a contingency agreement have an interest for the purposes of intervention as of right, but to satisfy Rule 24(b), that interest must share a common question of law or fact with the "main action" to warrant permissive intervention. CMST claims an interest in compensation from the settlement proceeds, but its interest does not share a common question of law or fact with the underlying antitrust suit. CMST's interest and Plaintiffs' claims in the underlying suit are not interdependent. The dispute over attorney fees, which is governed by contract, is distinct from Plaintiffs' claims and from the antitrust action as a whole. These circumstances indicate that absent a right to intervene, CMST's breach of contract claim is properly the subject of another suit. Finally, the undersigned shares many of the same concerns expressed by the other courts in the former and current Fifth Circuit concerning the

decisions in *Gilbert* and *Gaines*, and finds that the Court is bound by the precedent in those cases when making a determination as to permissive intervention, as those cases addressed only intervention as of right..

### III. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 381) be **GRANTED in part** and **DENIED in part**;
2. CMST be permitted to intervene in this case as a matter of right to assert its charging lien; and
3. Otherwise, the Motion be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida on July 28, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy